IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LAURA REPPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | **Civil Case No.:** 1:15-cv-33 |
| § | |
| TURNING POINT SOLUTIONS, LLC § | |
| § | |
| Defendant. § | |
| § | |

## **VERIFIED COMPLAINT**

LAURA REPPER, Plaintiff, through her attorneys, KROHN & MOSS, LTD., alleges the following against TURNING POINT SOLUTIONS, LLC Defendant:

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of New Mexico, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person residing in Rio Rancho, New Mexico and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is debt collection company located in Cheektowaga, New York.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant places collection telephone calls to Plaintiff in an attempt to collect an alleged debt.

11. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

12. Defendant places collection calls to Plaintiff at 505-463-8798.

13. In or around December of 2014, Defendant placed a collection call to Plaintiff and left a voicemail message.

14. In the voicemail message, Defendant's representative, "Anthony," failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "A."

15. In the voicemail message, Defendant's representative, "Anthony," directed Plaintiff to return the call to 1-800-604-1147, which is a number that belongs to Defendant. *See* Exhibit "A."

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

    b. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of the debt;

    c. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its

communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, LAURA REPPER, respectfully requests judgment be entered against Defendant, TURNING POINT SOLUTIONS, LLC, for the following:

1. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

2. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

3. Any other relief that this Honorable Court deems appropriate.


DATED:  January 12, 2015              RESPECTFULLY SUBMITTED

                                      By: /s/ Mark D. Trujillo, Esq.___
                                          Mark D. Trujillo, Esq.
                                          2025 Rio Grande Blvd. NW
                                          Albuquerque, NM 87104
                                          Attorney for Plaintiff